IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROGER D. HERRING,           )
                            )
         Petitioner,        )
                            )
    v.                      )    1:13CV1098
                            )
FRANK L. PERRY,             )
                            )
         Respondent.        )

RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Roger D. Herring, a prisoner of the State of North Carolina, has brought a Petition [Doc. #2] seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which Respondent opposes with a Motion to Dismiss [Doc. #8]. According to the Petition, on October 9, 2002, in the Superior Court of Guilford County, Petitioner was convicted of the rape of a child under the age of thirteen, indecent liberties, and first-degree sexual offense. (Petition, §§ 1-6.) Petitioner filed a direct appeal which resulted in a resentencing on October 12, 2005. ( Id. § 9.)[1] Petitioner did not file a further direct appeal. However, on March 26, 2012, he filed a Motion for Appropriate Relief (MAR) in Guilford County. (Id., § 11. ) Upon denial of the MAR, he then filed a petition for certiorari in the North Carolina Court of Appeals, which denied certiorari on December 20, 2012. (Id.) On June 24, 2013, he filed a motion seeking reconsideration in the Guilford County Superior Court. It denied

---

[1] The Petition states that the resentencing took place on October 19, 2005, but a copy of the judgment in the case reflects that it occurred on October 12, 2005. (See Respondent's Supporting Brief [Doc. #9], Ex. 5.)

that motion on July 29, 2013. (Id.) On December 3, 2013, Petitioner signed and dated his current Petition, which the Court received on December 9, 2013. After being ordered to answer, Respondent filed his Motion to Dismiss.

Facts

The basic facts of Petitioner's case, as set out by the North Carolina Court of Appeals on direct appeal are as follows:

> The victim in this case, a girl, was seven years old at the time of the alleged incidents. Her testimony was that Roger Del Herring (defendant) touched her in her private area and had sex with her while she was asleep. A doctor's exam produced evidence which supported a finding of sexual abuse: both physical evidence and a positive STD test. Health Department records showed that defendant had tested positive and been treated for the same STD in 1999. He tested negative for the STD after the victim's test. Defendant's ex-wife also testified that during their marriage she suspected defendant was having sex with her when she was asleep, and confirmed that on one occasion he tried while she feigned sleep. Defendant stated in a statement to law enforcement that the victim had slept in his bed, that he was able to have sex in his sleep, and that any sex that he had with the victim would have been unintentional.

State v. Herring, No. COA03-1138, 2005 WL 1949565 at *1 (N.C. App. Aug. 16, 2005) (unpublished).

Petitioner's Claims

Petitioner raises several claims for relief in his Petition. He contends: 1) that he received ineffective assistance of counsel for numerous reasons at trial; 2) his conviction violated due process because the prosecution withheld a statement by the victim that Petitioner appeared to be asleep when he pulled her on top of him and withheld the "object" used to refresh the victim's memory before counseling her outside the courtroom; 3) he was

denied a fair trial because the trial court failed to question the victim concerning confusing testimony, and 4) he received ineffective assistance on appeal because his attorneys failed to involve him in the appellate process and did not advise him concerning filing a petition for discretionary review with the North Carolina Supreme Court or the deadline for habeas review in this Court.  (Petition, § 12.)

Discussion

Respondent seeks dismissal on the grounds that Petitioner filed the Petition outside of the one-year limitation period, 28 U.S.C. § 2244(d)(1).  In order to assess Respondent's statute of limitation argument, the Court first must determine when Petitioner's one-year period to file his § 2254 Petition commenced.  In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Green v. Johnson</u>, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

Under subparagraph (A), Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court must examine when direct review (or the time for seeking direct review) of Petitioner's underlying conviction ended. The state trial court entered judgment against Petitioner following his resentencing on October 12, 2005, and Petitioner did not appeal. Respondent asserts (Respondent's Supporting Brief [Doc. #9] at 4), and Petitioner has not disputed, that Petitioner's convictions became final on October 26, 2005, when his time to appeal expired. See N.C. R. App. P. 4 (2005). Therefore, Petitioner's time to file a habeas petition in this Court under subparagraph (A) began to run at that time and expired a year later on October 26, 2006, without Petitioner having made any filing in this Court. Petitioner later pursued his MAR in the state courts. Attempts at collateral relief in the state courts toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, Petitioner filed his MAR in 2012, years after the deadline to file in this Court already expired. State filings made after the federal limitations period has passed do not restart or revive the filing period. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000). Therefore, his Petition is not timely under subparagraph (A) of § 2244.

Despite his untimeliness under subparagraph (A), Petitioner argues that his Petition is timely under subparagraphs (B) and (D). As to subparagraph (B), he alleges improper representation by his attorneys on direct appeal because they did not tell him that he could have pursued a petition for discretionary review in the North Carolina Supreme Court, did not advise him of the deadline for filing a habeas petition in this Court, and did not research a defense based on "sexsomnia," a sleep disorder involving sex while sleeping. (Petition, § 18.) This argument fails for three reasons. First, the actions of defense counsel are generally not considered to be State actions even if the attorneys are appointed by the State, Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980), or employed as public defenders, Polk County v. Dodson, 454 U.S. 312, 324 (1981). Second, any improper action or inaction by Petitioner's attorneys occurred, at the latest, at the same time Petitioner's conviction became final. Therefore, any application of subparagraph (B) on the basis put forth by Petitioner would not affect the time calculations set out above under subparagraph (A). Finally, while any lack of advice may not have helped Petitioner make further filings, it did not actually impede or prevent him from pursuing his claims on his own, as he eventually did. Nothing connected to Petitioner's former attorneys provides him with more time to file in this Court under § 2244(d)(1)(B). Petitioner also claims at one point that the state prosecutor should have had him mentally evaluated. He does not set out the proposed basis for any evaluation. Additionally, any failure to evaluate would have occurred prior to the finality of his conviction. The Petition is not timely under subparagraph (B).

Petitioner also contends that his Petition is timely under § 2244(d)(1)(D) because he did not discover the facts related to portions of his claims until 2011. According to Petitioner, he did not learn "until 2011 while reading a June 2008 issue of [']American Curves['] . . . that [the] sleep disorder [he] claimed in 2001 had been diagnosed and defined as Sexsomnia or (Arousal parasomnia) in 2003 [and] published in the 'Canadian Journey [sic] of Psychiatry' 2003 issue." (Petition, § 18.) He adds later that he did not learn of "automatism" until 2013 while reading Black's Law Dictionary, 8th ed. (2004). (Petitioner's Response Brief [Doc. #9] at 7.) Even if true, these facts do not affect the timeliness of the Petition because the statute of limitations begins to run under subparagraph (D) when the factual predicate of a claim "could have been discovered through the exercise of due diligence," not upon its actual discovery. 28 U.S.C. § 2244(d)(1)(D); Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004). According to the United States Court of Appeals for the Fourth Circuit, the limitations period under § 2244(d)(1)(D) starts when inmate could have discovered the factual predicate "through public sources." Wade v. Robinson, 327 F.3d 328, 333 (4th Cir. 2003). Here, according to Petitioner's own statements, the information regarding "sexsomnia" became publicly available in a 2003 publication and the dictionary in which he discovered the definition of "automatism" was published in 2004. Therefore, both of these public sources were available prior to the finality of his conviction in October of 2005 and could have been discovered at or before that time. His argument does not affect the timeliness of his Petition under § 2244(d)(1). The Petition is out of time and Respondent's Motion to Dismiss should be granted.

IT IS THEREFORE RECOMMENDED that Respondent's Motion to Dismiss [Doc. #8] be granted, that the Petition [Doc. #2] be dismissed, and that this action be dismissed.

This, the 8th day of August, 2014.

                                                            /s/ Joi Elizabeth Peake
                                                            United States Magistrate Judge