IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROGER D. HERRING,            )
                             )
        Petitioner,          )
                             )
   v.                        )     1:13CV1098
                             )
FRANK L. PERRY,              )
                             )
        Respondent.          )

## ORDER

On August 8, 2014, the Recommendation of the United States Magistrate Judge was filed and a copy mailed to the parties in the case pursuant to 28 U.S.C. § 636. (Docs. 13 and 14.) On August 21, 2014, Petitioner filed an objection. (Doc. 15.)

Petitioner argues in his objection for the first time that he is "actually innocent." (Doc. 15 at 2.) In support of this assertion, he cites alleged errors in the trial court in admitting evidence he claims was either privileged or insufficient to support the conviction. Petitioner seeks to avoid the time bar under 28 U.S.C. § 2244(d)(1).

The Fourth Circuit has recently set forth the standard for an actual innocence analysis in <u>United States v. Jones</u>, 758 F.3d 579 (4th Cir. 2014):

> It is true that the Supreme Court has recognized a limited "actual innocence" exception to certain procedural bars to habeas review. Under the exception, "in an extraordinary case, where a constitutional

> violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ [of habeas corpus] even in the absence of a showing of cause for the procedural default." Murray v. Carrier, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986) (emphasis added); see also McQuiggin, 133 S. Ct. at 1931 ("In other words, a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims ... on the merits notwithstanding the existence of a procedural bar to relief"); Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." Herrera v. Collins, 506 U.S. 390, 404, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993). It "seeks to balance the societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case." Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). But the Court has been clear that "habeas corpus petitions that advance a substantial claim of actual innocence are extremely rare" and the exception only applies in limited circumstances: "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327, 115 S.Ct. 851; see also House v. Bell, 547 U.S. 518, 537, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006).

Id. at 583. The court also made clear that the "actual innocence" exception can apply to the statutory bar of § 2241(d)(1). Id. at 584 (citing McQuiggin v. Perkins, 133 S. Ct. 1924, 1929 (2013)).

The "actual innocence" exception, however, cannot apply without new evidence of innocence. See Schlup v. Delo, 513 U.S. 298, 316 (1995) ("*Without any new evidence of innocence*, even the existence of a concededly meritorious constitutional violation is not in itself

2

sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.") (emphasis added); Reid v. True, 349 F.3d 788, 806 (4th Cir. 2003) (holding that because the Petitioner could provide "no new evidence at all . . . his assertion of actual innocence fails").

Here, Petitioner does not produce any new evidence to support his claim of actual innocence. As noted by the Magistrate Judge, the sleep disorder on which Petitioner relies was known at least a decade ago. (Doc. 13 at 6.) Instead, Petitioner argues primarily that testimony offered against him – namely that of his wife – was admitted in violation of his spousal privilege, attacks law enforcement's alleged delay in obtaining a rape kit, and challenges the credibility of the testimony of the child victim. These and other arguments fail to establish an extraordinary case where it is more likely than not that no reasonable juror would have convicted Petitioner. Thus, Petitioner cannot avail himself of the actual innocence exception.

The court has conducted a review of those portions of the Recommendation to which objection was made and has made a *de novo* determination. The court's review is in accord with the Recommendation, which is ADOPTED.

3

IT IS THEREFORE ORDERED that Respondent's Motion to Dismiss (Doc. 8) is GRANTED, that the Petition (Doc. 2) is DISMISSED, and this action is DISMISSED.  Finding neither a substantial issue for appeal concerning denial of a constitutional right affecting the conviction nor a debatable procedural ruling, the court denies a certificate of appealability.

                                                /s/   Thomas D. Schroeder
                                        United States District Judge

September 17, 2014